UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

AMENRA ISA NASRUELOH,       )
                            )
    Plaintiff,              )
                            )
v.                          )       Case No. CV406-66
                            )
TICO TERMINAL SERVICES,     )
                            )
    Defendant.              )

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, has filed a complaint with this Court alleging that he sustained personal injuries "while operating a Tractor trailer owned and maintained" by defendant Tico Terminal Services. Doc. 1. Specifically, plaintiff contends that he was working as a longshoreman for MTC East on March 13, 2004 when the brakes failed on one of defendant's trucks, causing plaintiff to crash into another vehicle. Plaintiff's one-page, handwritten complaint seeks relief for certain unspecified injuries, loss of wages, and pain and suffering.

As the Court noted in a prior Order, plaintiff states no statutory grounds for his cause of action nor any basis for this Court's jurisdiction.

Following receipt of plaintiff's responses to certain questions propounded by the Court, it is now clear that the only conceivable jurisdictional basis for plaintiff's complaint is under 28 U.S.C. § 1332, which empowers this Court to hear civil actions between "citizens of different states."[1]

A plaintiff seeking to invoke this Court's diversity jurisdiction, however, must affirmatively allege "the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a). Plaintiff has failed to allege in his complaint that the parties to this action are citizens of different states, and thus he has not shown affirmatively that his claim is within this Court's subject matter jurisdiction. In his response to the Court's questionnaire, plaintiff indicated that he did not know where defendant was incorporated or the location of its principal place of business, although the Court notes that plaintiff listed defendant's address on his civil cover sheet

---

[1] Initially, the Court entertained the possibility that plaintiff might be able to invoke federal question jurisdiction under 28 U.S.C. § 1331 related to some potential claim pursuant to the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901-950. Plaintiff's responses to the Court's questionnaire establish that plaintiff pursued an administrative claim pursuant to the LHWCA against his employer, Stevens Shipping Company (now known as Marine Terminal Corporation East), and as a result of this claim plaintiff recovered $57,642.54. Doc. 5. Plaintiff has no potential LHWCA claim against defendant, since TICO was not plaintiff's employer. See 33 U.S.C. § 904. Nor does it appear that there is any other conceivable basis for federal question jurisdiction in this case.

as "Garden City, Georgia" and has indicated that TICO operates out of the Garden City terminal, which is one of the unloading and storage facilities of the Georgia Port Authority. Furthermore, defendant's website (www.ticotractors.com) indicates that the company is based in Savannah, Georgia and is a division of Terminal Investment Corporation, a company incorporated under the laws of Georgia (www.sos.state.ga.us).

It is well established that "a corporation has dual citizenship for diversity purposes: it is a citizen of any state by which it has been incorporated and a citizen of the state in which it has its principal place of business." 5 Charles A. Wright, Federal Practice and Procedure § 1208 at 130 (3d ed. 2004). To establish the existence of diversity in this case, plaintiff would have to affirmatively plead that TICO is neither incorporated, nor has its principal place of business, in Georgia. This plaintiff has failed to do, and given the information available to the Court, it does not appear that he can do so in good faith.[2] Plaintiff may have a legitimate cause of action against TICO in state court. He has failed

---

[2] If plaintiff acquires evidence that TICO is a non-Georgia citizen, he may bring that information to the Court's attention in any objections he may wish to file to this Report and Recommendation.

to demonstrate, however, any basis for federal jurisdiction over his personal injury claim. Accordingly, this case should be DISMISSED for lack of subject matter jurisdiction.

**SO REPORTED AND RECOMMENDED** this 17TH day of May, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA